Larry Slade, Esq., SBN 212276
SLADE LAW
14146 Killion St., Suite 100
Sherman Oaks, CA 91401
Telephone: (818) 997-8585
Facsimile:(818) 475-5323
larry@sladelaw.com

Anthony M. Saccullo, Esq.
Mary E. Augustine, Esq.
A.M. SACCULLO LEGAL, LLC
27 Crimson King Drive
Bear, DE 19701
Telephone: (302) 836-8877
Facsimile: (302) 836-8787
ams@saccullolegal.com
meg@saccullolegal.com

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

NIKE USA, INC.,

      Plaintiff,

vs.

LACED, LLC,

      Defendant.

Case No.: 2:25-cv-7572

**COMPLAINT**

Nike USA, Inc. ("Nike") hereby files this complaint against Laced, LLC (the "Defendant" or "Laced") for: (a) Account Stated; (b) Breach of Contract; (c) Goods and Services Rendered; (d) Open Book Account; and, in the alternative, (e) Unjust Enrichment; and states as follows:

**Preliminary Statement**

1. This is an action to collect $117,901.66, plus interest, fees, and costs, from Laced, LLC. Laced has breached its account agreement with Nike by failing to compensate Nike for the products Nike provided to Laced.

**The Parties**

2. Plaintiff Nike USA, Inc. is an Oregon corporation whose principal business activity is the design, development, and worldwide marketing and selling of athletic footwear, apparel, equipment, accessories, and services.

3. Nike USA, Inc. is organized in, domiciled in, and a citizen of Beaverton, Oregon.

4. Defendant Laced, LLC is a California limited liability company with a principal address and mailing address of 4193 Redondo Beach Boulevard, Lawndale, California 90023.

5. Laced is organized in, domiciled in, and a citizen of Los Angeles, California.

## Jurisdiction and Venue

6. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332 because Nike is a citizen of a different state than the Defendant, and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

7. Venue in this District is proper pursuant to 28 U.S.C. §1391.

8. Defendant is a citizen of the State of California. Nike is a citizen of the State of Oregon.

9. The events giving rise to the claims asserted in this Complaint occurred in Los Angeles County, California.

## Background Facts

**A.   The Account Agreement**

10. Nike USA, Inc. and Laced, LLC are parties to the Nike Account Application and Agreement dated October 25, 2017 (the "2017 Account Agreement"). A copy of the 2017 Account Agreement is attached hereto as **Exhibit 1** and is incorporated herein by reference.

11. The Account Agreement requires Laced to pay Nike for all goods sold when due pursuant to the terms and conditions of sale on Nike's invoices.

12. The Account Agreement requires Laced to dispute an invoice from Nike within thirty days after the date the invoice is due. If Laced does not dispute an invoice

within thirty days after the date the invoice is due, then, pursuant to the Account Agreement, the invoice will be deemed to be an account stated.

13. The Account Agreement provides that any sum not paid when due is subject to a service charge of 1.5% per month or the maximum rate permitted by law, whichever is lower.

14. The Account Agreement requires Laced to pay such costs, collection agency fees, expenses, reasonable attorney fees, and fees of corporate counsel (including, without limitation, at trial and on appeal) as Nike may incur in any matter of collection of any sums past due.

15. Oregon law applies to the Account Agreement.

16. The Account Agreement provides Nike the right to refuse or cancel any such orders at any time prior to delivery to Laced, regardless of whether the order has been confirmed or payment has been received.

17. The Account Agreement allows Nike to allocate its available product in its sole and unfettered discretion.

18. The Account Agreement is supported by consideration.

19. In exchange for the execution of the Account Agreement, Nike agreed to do business or continue to do business with Laced in accordance with the Account Agreement.

20. Nike relied on the Account Agreement in doing business with and extending credit to Laced.

21. Nike relied on, *inter alia*, the Account Agreement in making decisions to extend credit and actually extending credit to Laced.

## FIRST CLAIM FOR RELIEF
### ACCOUNT STATED
(Against Laced, LLC)

22. Nike incorporates herein by reference each of the foregoing paragraphs above as if fully restated herein.

23. Nike issued invoices to Laced for goods and services that Nike provided to Laced, and such invoices were due and payable to Nike more than thirty days prior to the filing of this Complaint.

24. Nike and Laced have worked to resolve invoice discrepancies, including, but not limited to, chargebacks, freight, and quantity issues. After resolving such issues, the amounts set forth in this Complaint remain due and payable to Nike by Laced.

25. Through their words and conduct, Laced agreed that no less than $117,901.66, exclusive of interest, fees and costs is owed to Nike.

26. Through their words and conduct, Laced agreed to pay Nike no less than $117,901.66, exclusive of interest, fees and costs.

27. As of the date of the filing of this Complaint, Laced is indebted to Nike in an amount no less than $117,901.66 exclusive of interest, fees and costs. A copy of the Account Statement showing the amount Laced owes to Nike is attached hereto as Exhibit 2 and is incorporated herein by reference.

28. On June 25, 2024, Nike demanded from Laced payment of an amount no less than $117,901.66, exclusive of interest, fees and costs.

29. The foregoing amount has not been paid to Nike as of the filing of this Complaint, and Laced has not requested approval to return any product to Nike.

## SECOND CLAIM FOR RELIEF

BREACH OF CONTRACT

(Against Laced, LLC)

30. Nike incorporates herein by reference each of the foregoing paragraphs above as if fully restated herein.

31. Laced and Nike are parties to the Account Agreement and the binding contracts (collectively, the "Contracts") formed by the invoices and purchase orders listed on Exhibit 2 hereto, which require Laced to pay Nike for goods and services provided to Laced.

32. Nike provided goods and services to Laced, which was Nike's substantial performance pursuant to the Account Agreement and Contracts.

33. Nike has invoiced Laced for the amounts set forth in Count I of this Complaint.

34. Nike has resolved all discrepancies and issues raised by Laced, if any, with respect to each invoice issued to Laced by Nike.

35. Nonetheless, Laced has failed to pay Nike for the goods and services Nike has provided to Laced.

36. Laced's failure to pay Nike is a breach of the Account Agreement and the Contracts.

37. Laced's breach of the Account Agreement and Contracts has caused Nike to suffer damages in an amount no less than $117,901.66 plus all of Nike's costs, collection agency fees, expenses, interest, and reasonable attorney fees (whether incurred prior to, at trial, or on appeal).

**THIRD CLAIM FOR RELIEF**

GOODS AND SERVICES RENDERED

(Against Laced, LLC)

38. Nike incorporates herein by reference each of the foregoing paragraphs above as if fully restated herein.

39. Through their words and conduct, Laced requested that Nike deliver Nike products to Laced for Laced's benefit.

40. Nike delivered its products to Laced.

41. Laced has not paid Nike for the reasonable value of the products Nike provided, which is no less than $117,901.66, exclusive of interest, fees and costs.

## FOURTH CLAIM FOR RELIEF

OPEN BOOK ACCOUNT

(Against Laced, LLC)

42. Nike incorporates herein by reference each of the foregoing paragraphs above as if fully restated herein.

43. Nike and Laced had financial transactions with each other.

44. Nike, in the regular course of business, kept a written and electronic account of the debits and credits involved in the financial transactions between Nike and Laced.

45. Laced owes Nike on the account.

46. Laced owes Nike no less than $117,901.66, exclusive of interest, fees and costs.

## FIFTH CLAIM FOR RELIEF

UNJUST ENRICHMENT

47. At the request of Laced, Nike conferred a benefit upon Laced by providing the goods and services described herein and in the exhibits attached hereto.

48. Laced received and accepted the benefit of said goods and services provided by Nike.

49. At all times material hereto, Laced was aware that Nike was providing the aforesaid goods and services to Laced and that Nike expected to be paid for such.

50. At all times material hereto, Laced, with the aforesaid knowledge, permitted Nike to provide said goods and services and to incur damages.

51. At all times material hereto, Laced was unjustly enriched by retaining the benefit of receiving said goods and services without paying Nike fair and reasonable compensation.

52. Allowing Laced to retain the benefit of said goods and services without paying fair compensation would be unjust.

53. By reason of the aforesaid unjust enrichment of Laced at Nike's expense, an implied contract exists between Nike and Laced, and Laced are obligated to pay Nike the *quantum meruit* value of the goods and services described herein and in the exhibits attached hereto.

### Prayer for Relief

WHEREFORE, Plaintiff requests judgment against all Defendants as follows:

(a) Damages in the sum of $117,901.66 plus interest thereon at a rate of 1.5% per month from thirty days after the date first invoiced until paid;

(b) All costs, collection agency fees, expenses, and reasonable attorney fees, $117,901.66 (whether incurred prior to, at trial, or on appeal) incurred by Nike in connection with Nike's collection efforts, as provided in the contract between the parties;

(c) Any and all damages as yet unascertained according to proof; and

(d) Such other and further relief as this Court deems just and proper.

Dated: August 13, 2025            A.M. SACCULLO LEGAL, LLC

/s/ M. Augustine
_____
Anthony M. Saccullo
Mary E. Augustine
27 Crimson King Drive
Bear, DE 19701
Phone: (302) 836-8877
Fax: (302) 836-8787
ams@saccullolegal.com

meg@saccullolegal.com

-and-

SLADE LAW

_____
Larry Slade
Slade Law
14146 Killion St. #100
Sherman Oaks, CA 91401
Phone: (818) 997-8585
Fax: (818) 475-5323
larry@sladelaw.com

*Attorneys for Nike USA, Inc.*